ON MOTION FOR REHEARING
BOARDMAN, Judge.
Upon consideration of appellee’s motion for rehearing and appellant’s response, we grant the motion and substitute the following for our original opinion of September 16, 1983.
Sam Edward Brown appeals the order denying his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850, wherein he alleges an involuntary waiver of his right to counsel. We reverse.
In December 1980, appellant was convicted on charges of robbery, attempted grand theft, and false imprisonment. In June 1981, this court affirmed his convictions for robbery and false imprisonment but reversed the judgment and sentence for attempted grand theft. Brown v. State, 400 So.2d 510 (Fla. 2d DCA 1981).
In October 1982, appellant filed his Rule 3.850 motion, alleging denial of a fair trial and that he failed to voluntarily and intelligently waive his right to assistance of counsel. The trial court held a short hearing on the motion with the assistant state attorney, after which the court reviewed the briefs filed by both appellant and appellee in appellant’s direct appeal. From that the court apparently concluded that appellant’s present claim of involuntary waiver of counsel had been raised on his direct appeal. Our review of the record indicates otherwise. The sole reference in the briefs to appellant’s representing himself at trial related to appellant’s failure .to object to an improper jury instruction. We submit that this comment does not adequately address the claim now raised in appellant’s motion. Moreover, we did not consider that issue in our opinion on direct appeal.
Accordingly, we reverse. On remand the trial court is directed to reconsider the motion as though it has been presented to it for the first time. The court may initiate whatever proceedings it deems necessary to rule on appellant’s allegation. To obtain further review in this cause, the aggrieved party must appeal the new ruling of the trial court.
• REVERSED and REMANDED with instructions.
OTT, C.J., and DANAHY, J., concur.